UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RONALD THRASH, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:16 CV 155 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Ronald Thrash, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-01-104) where the Disciplinary Hearing Officer (DHO) found him guilty of Security Threat Group/Unauthorized Organizational Activity in violation of B-208. (DE # 1 at 1.) As a result, Thrash was sanctioned with the loss of 30 days earned credit time and was demoted from Class 1 to Class 2. (*Id.*) While Thrash lists four grounds in his petition challenging the finding of guilt, his petition merely presents different ways of arguing that there was insufficient evidence on which to find him guilty.

In Ground One, Thrash argues that there was insufficient evidence because he was not given the opportunity to personally review evidence that another offender was able to review. (DE # 1 at 2.) In Ground Two, he argues that he should not have been found guilty because he does not belong to a gang and does not have any gang tattoos. (*Id.*) In Ground Three, Thrash asserts that listening and dancing to rap music does not mean that he is a gang member. (*Id.*) Finally, in Ground Four, Thrash claims that he

should have been able to personally review the video that served as the basis of his discipline. (*Id*. at 3.)

Thrash's assertions to the contrary, the DHO had sufficient evidence on which to find Thrash guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

The court finds that the DHO had sufficient evidence on which to find Thrash guilty of the charged offense of Security Threat Group/Unauthorized Organizational Activity. Indiana Department of Correction (IDOC) policy B-208 prohibits "giving

security threat group or unauthorized organizational signs . . . ." Disciplinary Code for Adult Offenders, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Here, the DHO reviewed confidential photos and videos before reaching a decision. (DE # 1-1 at 4.) This evidence revealed Thrash "showing hand signs along with the other [inmates] of a Security Threat Group nature." (*Id*. at 6.) The DHO relied on these photos and videos in determining that Thrash was guilty. (*Id*. at 4.) Thrash argues that the absence of gang tattoos demonstrates he did not belong to a gang. (DE # 1 at 2.) However, it is not the court's place to weigh the evidence when there is sufficient evidence in the record (the showing of hand signs) to support the disciplinary finding.

Thrash also takes issue with the fact that the confidential photos and videos were not shown to him. However, Thrash was not entitled to review all information relied upon by the DHO. "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Because the DHO viewed and relied on the confidential materials (DE # 1-1 at 4), his due process right to have these materials considered was satisfied. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

The DHO had sufficient evidence on which to find Thrash guilty. Therefore, Thrash's petition is denied.

If Thrash wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma*

*pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The Clerk is **DIRECTED** to close this case.

                                    **SO ORDERED.**

Date: April 11, 2017

                                    s/James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT